UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JOHN JACK WILLIAM PARKS, a/k/a John William Parks, | ) ) ) |
| Petitioner, | ) Civil Action No. 13-109-HRW ) ) |
| v. | ) ) **MEMORANDUM OPINION** |
| MICHAEL SEPANEK, *Warden*, | ) **AND ORDER** ) ) |
| Respondent. | ) |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

John Jack William Parks[1] is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Parks has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug conviction. [D. E. No. 1] Parks has paid the $5.00 filing fee [D. E. No. 3].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and

---

[1]  The Bureau of Prisons identifies this petitioner as "John Jack William Parks." *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=15123-075&x=114&y=21(last visited on August 15, 2013). In this and other cases he has filed in the federal courts, the petitioner identified himself only as "John William Parks." So that the petitioner's identification will correspond with the Bureau of Prison's designation, the Clerk of the Court will be instructed to identify the petitioner in CM/ECF as "John Jack William Parks," and to list "John William Parks" as an alias designation for the petitioner.

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Parks' petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Parks can not pursue his claims under 28 U.S.C. § 2241.

## CRIMINAL CONVICTION AND PRIOR COLLATERAL CHALLENGES

Parks was charged in a Tennessee federal court with conspiracy to distribute methamphetamine and numerous counts of possession with intent to distribute methamphetamine. *United States v. Parks*, No. 2:96-CR-00013 (M.D. Tenn., 1996) A jury found Parks guilty of the offenses, and on March 22, 1999, he was sentenced to a 235-month prison term. [*Id.*, D. E. 532, therein] Parks appealed, but the Sixth Circuit affirmed his conviction. *See United States v. Holloway*, Nos. 99-5237 and 99-5496, 234 F.3d 1270, 2000 WL 1562797 (6th Cir. Oct. 10, 2000), *cert. denied*, 532 U.S. 975, 121 S.Ct. 1611 (2001).

On April 16, 2002, Parks filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Parks v. United States*, No. 2:02-CV-23 (M.D. Tenn, 2002) [D. E. 1, therein] Parks subsequently filed a motion to withdraw his § 2255 motion, and the district court granted his motion on September 3, 2002. [D. E. 11, therein; D. E. 12, therein (Order granting motion)] On October 17, 2005, Parks filed a second § 2255 motion, arguing that (1) his sentence violated the Sixth Amendment because (a) he did not admit to the amount of drugs, and (b) the jury did not consider the amount of drugs; and (2) the sentencing court should have applied *United States v. Booker*, 543 U.S. 220 (2005) retroactively to his case. *Parks v. United States*, No. 2:05-CV-110 (M.D. Tenn., 2005) [D. E. No. 1, therein] On January 3, 2006, the district court dismissed Parks' second § 2255 motion, relying on the Sixth Circuit's decision in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), which held that *Booker* did not apply retroactively. [*Id.*, D. E. No. 5]

### CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Parks again argues that because the jury did not determine the amount of drugs in his criminal case, his resulting 235-month sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates of the charged offenses. In support of his argument, Parks relies on a recent decision of the United

3

States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

## DISCUSSION

Parks is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Parks challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the

terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction

unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Parks contends that *Alleyne* (which was rendered after the sentencing court denied his second § 2255 motion), establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; qualifies as a new rule of law which the Supreme Court has made retroactively applicable, and affords him relief from his sentence.

However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. At least two other district courts in this circuit have determined that *Alleyne* does not apply retroactively to cases on collateral review. *See United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236,

2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that *Alleyne* did not provide grounds for relief under § 2241, stating, "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction.")

Moreover, Parks does not claim that he is actually innocent of the underlying drug offenses of which he was convicted.[2] Instead, Parks claims innocence of the drug quantity sentencing enhancement pursuant to the rule announced in *Alleyne*. The savings clause may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have

---

[2]
Parks was not actually innocent of the drug offenses of which he was convicted. The Sixth Circuit affirmed Parks' conviction on direct appeal, rejecting Parks' challenges to his conviction based on the law of the case established in the prior appeals of his co-defendants. *See United States v. Hollway,* 234 F.3d 1270, 2000 WL 1562797 at *3. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder,* 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States,* 198 F.3d 615, 619 (6th Cir. 1999).

consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because Parks has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

8

1. The Clerk of the Court shall identify the petitioner on the CM/ECF cover sheet as "**John Jack William Parks**," and shall list "John William Parks" as an alias designation for the petitioner;

2. Parks' 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This August 29, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge